# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. BOLEN, | Case No. 1:17-cv-01325-BAM (PC) |
| Plaintiff, | SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT |
| v. | |
| STEWART SHERMAN, et al., | (ECF No. 1) |
| Defendants. | ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE |
| | **THIRTY-DAY DEADLINE** |

Plaintiff Mark A. Bolen ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. Plaintiff's complaint, filed on October 2, 2017, is currently before the Court for screening. (ECF No. 1.)

**I.   Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B)(ii).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at the California Substance Abuse Treatment Facility in Corcoran, California, where the events in the complaint are alleged to have occurred. Plaintiff names the following defendants: (1) Warden Stewart Sherman; and (2) Dr. Winafred Kokor.

Claim 1

In Claim 1, Plaintiff asserts a violation of his Eighth Amendment rights and alleges as follows:

> Due to Dr Kokors removal of my DNM (ADA) status and lower tier lower bunk chrono's and interferance in the 602/ADA 1824 Appeals Process I have continually been injured during these last 3 years. Dr Kokor knows my medical history prior to prison (military) and chooses not to treat me fully. By ordering braces, medication, and x rays he acknowledges the medical need and the problem but still refuses to give back the ADA status and L/L chrono's.

(ECF No. 1 at 3) (unedited text). Plaintiff asserts that his right knee was injured and he now has to wear a metal-hinged knee brace on both legs. Recent x-rays of his mid to lower back also showed 6 vertebrae are fractured and he has a possible bone spur. (Id.)

///

Claim II

In Claim II, Plaintiff asserts a violation of the First Amendment and alleges as follows:

> While 602ing preparing the lawsuite (15W-0148A) Dr Kokor began removing my ADA status and L/L chrono's. Once I filed the writ he finished removing all chrono's from the computers. Since then he refuses to give the L/L chrono's back or ADA status and even interfeared in the 1824 which C/O's granted me L/L so that medical would not give it back.

(Id. at 4) (unedited text).

As relief, Plaintiff seeks return of his ADA status, an upgrade of that status to DPM, a return of all chronos and restrictions and damages.

### III. Discussion

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim for relief. As Plaintiff is proceeding pro se, he will be given an opportunity to amend his complaint to the extent he can do so in good faith. To assist Plaintiff, the Court provides the following pleading and legal standards.

#### A. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557.

Plaintiff's complaint is short, but is not a plain statement of his claims. At a minimum, Plaintiff's complaint fails to include sufficient factual information for the Court to determine whether or not he states a cognizable claim for relief. If Plaintiff amends his complaint, he should state what happened, when it happened and who was involved.

#### B. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978).

Plaintiff fails to link Defendant Sherman to a deprivation of his rights. In any amended complaint, Plaintiff must allege what each individual did or did not do that resulted in a violation of his rights.

**C. Supervisory Liability**

Insofar as Plaintiff is attempting to bring suit against Defendants Sherman based on his supervisory role as warden, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1020–21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir.2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations

4

marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1970).

Plaintiff has failed to link Defendant Sherman either by direct conduct in the constitutional violation or by identifying a policy that was so deficient that the policy itself a repudiation of the Plaintiff's rights. If Plaintiff amends his complaint, he must adequately link Defendant Sherman to his claims.

**D. Medical Care**

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096. A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837. "Deliberate indifference is a high legal standard," Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 1096.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105–106). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate

5

indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Further, a "difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082–83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122–23 (9th Cir. 2012) (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).

As pled, Plaintiff's allegations are not sufficient to state a cognizable claim for deliberate indifference to serious medical needs. Based on the complaint, it appears that Defendant Kokor has provided Plaintiff with treatment, including ordering braces, medication and x-rays for his condition. Insofar as Plaintiff believes he is entitled to certain chronos or medical status, this belief does not state a cognizable deliberate indifference claim. At most, Plaintiff has alleged a difference of opinion between himself and Defendant Kokor, which will not support an Eighth Amendment deliberate indifference claim. Plaintiff will be given leave to cure these deficiencies.

**E. Retaliation**

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005).

Here, Plaintiff's allegations are not sufficient to state a cognizable retaliation claim against Defendant Kokor. Plaintiff's complaint fails to include any factual allegations indicating that Defendant Kokor knew of Plaintiff's lawsuits and removed his chronos because of those lawsuits

or any other protected conduct. Plaintiff will be given leave to cure these deficiencies.

**F. Claim Preclusion**

Plaintiff reports in his complaint that he filed a state habeas corpus action. It is not entirely clear from his allegations if his habeas corpus proceedings included the claims at issue in this action. If so, those claims may be barred by the doctrine of claim preclusion. Federal courts are required to give state court judgments the preclusive effects they would be given by another court of that state. Brodheim v. Cry, 584 F.3d 1262, 1268 (9th Cir. 2009). A state habeas judgment may have preclusive effect on a later federal § 1983 action. Gonzales v. Cal. Dep't of Corr., 739 F.3d 1226, 1230–31 (9th Cir. 2014) (reasoned denials of California habeas petitions have claim-preclusive effect). Claim preclusion in California applies if (1) the second lawsuit involves the same "cause of action" as the first, (2) the first lawsuit resulted in a final judgment on the merits, and (3) the party claim preclusion is being asserted against was a party, or in privity with a party, to the first lawsuit. Bernhard v. Bank of Am. Nat. Trust & Sav. Ass'n, 19 Cal.2d 807, 812 (1942); Planning & Conservation League v. Castaic Lake Water Agency, 180 Cal.App.4th 210, 226 (2009). If Plaintiff elects to amend his complaint, he should clarify whether he previously attempted to pursue his Eighth Amendment and/or First Amendment claims against Defendant Sherman or Defendant Kokor in one or more of his state habeas actions.

**IV. Request for Counsel**

Plaintiff's complaint includes a request for assistance, which the Court construes as request for the appointment of counsel. However, Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether

"exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

Here, Plaintiff has not demonstrated any exceptional circumstances warranting the appointment counsel. Accordingly, Plaintiff's request is HEREBY DENIED without prejudice.

### V. Conclusion and Order

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim for relief. As Plaintiff is proceeding pro se, the Court will grant Plaintiff an opportunity to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's request for the appointment of counsel is DENIED without prejudice;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in this order (or file a notice of voluntary dismissal); and

4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated: **May 2, 2018**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE