# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. BOLEN, | Case No. 1:17-cv-01325-BAM (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |
| v. | |
| STEWART SHERMAN, et al., | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM |
| Defendants. | |
| | (ECF No. 9) |
| | FOURTEEN (14) DAY DEADLINE |

Plaintiff Mark A. Bolen ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. On May 2, 2018, the Court screened Plaintiff's complaint and granted him leave to amend. (ECF No. 8.) Plaintiff's first amended complaint, filed on May 25, 2018, is currently before the Court for screening. (ECF No. 9.)

**I.   Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b);

1

1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at the California Substance Abuse Treatment Facility in Corcoran, California, where the events in the complaint are alleged to have occurred. Plaintiff names the following defendants: (1) Warden Stewart Sherman; and (2) Dr. Winafred Kokor.

Claim 1

In Claim 1, Plaintiff asserts a violation of his Eighth Amendment rights. In relevant part, Plaintiff alleges that he filed for VA benefits and Dr. Kokor filled out a form stating that Plaintiff was not disabled, despite Plaintiff having current DNM (Mobility Impairment [Lower Extremities] NOT impacting placement) status. Plaintiff filed a 602 along with a habeas suit in which the issues were not addressed. The habeas court would not question the inconsistency between Dr. Kokor's statement and Plaintiff's status. Plaintiff asserts that he "sued the actions taken by Dr. Kokor" because those actions caused injury to Plaintiff's right knee and back. (ECF No. 9 at p. 4.) Plaintiff also reportedly asked Dr. Kokor to update Plaintiff's chronos because it did not show that he was DNH (Hearing Impaired NOT impacting placement), and only showed

DNM. Plaintiff was put on DNM due to a birth defect as well as injuries sustained in the military prior to his arrest.

On July 29, 2015, Dr. Kokor started removing Plaintiff's ADA and lower tier/lower bunk chronos. On October 16, 2015, after Plaintiff's 602 interview with M. Carrasquillo, Dr. Kokor finished removing Plaintiff's ADA and lower tier/lower bunk chronos. Plaintiff submitted numerous 602s. Eventually, the ADA Coordinator saw that Plaintiff was supposed to be lower tier/lower bunk the entire time. The ADA Coordinator then returned Plaintiff's lower tier/lower bunk status temporarily on May 21, 2017. Plaintiff submitted a grievance to have his lower tier/lower bunk permanent as well as DPM (Mobility Impairment Impacting Placement) status. Lower tier/lower bunk was granted, but not DPM. Plaintiff returned to Dr. Kokor because Dr. Kokor was not compliant with the 602 granting of lower tier/lower bunk.

On January 4, 2017, Plaintiff again was seen about the lower tier/lower bunk by Dr. Kokor. He refused to fix the lower tier/lower bunk pursuant to the 602, so Plaintiff filed an "1824" to have correctional officers, nurses and Dr. Kokor to fix the issue. As a result, Plaintiff was moved and given a permanent lower tier/lower bunk.

Plaintiff alleges that from 2015 to 2018 without the lower tier/lower bunk, he had to go up and down stairs and was injured. Plaintiff admits that Dr. Kokor treated his injuries, but did not correct the actions that led to the injuries. Although Dr. Kokor's reports stated that Plaintiff never reported pain, Dr. Kokor had to try cortisone shots on February 8, 2016. Dr. Kokor reportedly stated that Plaintiff never sustained an injury to his right knee, but prescribed Plaintiff bilateral knee braces on May 2, 2016. Dr. Kokor also stated that Plaintiff never reported having any trouble with daily living activity, but Plaintiff not only told him, but put it in the grievances.

During this time, Plaintiff complained of back pain and was sent for x-rays. The outcome was either that Plaintiff had 6 lumbar type vertebra with superior endplate fractures or a degenerative bone spur at L2. Plaintiff's doctor recommended correlation with recent trauma.

Plaintiff further alleges that his injuries happened only after Dr. Kokor removed the lower level and DNM status, which he had from 2004 until October 16, 2015. Plaintiff contends that if he did not need the lower tier/lower bunk accommodation, then he never would have been given

it in the first place or have it returned.

Claim II

In Claim II, Plaintiff asserts a violation of the First Amendment. Plaintiff alleges that while filing 602s and preparing for his habeas suit, Dr. Kokor began removing Plaintiff's ADA status and lower tier/lower bunk chronos. Once Plaintiff filed the writ on August 17, 2015 about military benefits, Dr. Kokor removed the lower tier/lower bunk and DNM status on October 16, 2015. After Plaintiff's interview with the "HCARN," he was moved. (ECF No. 9 at p. 6.) Since then, Dr. Kokor refuses to give the lower tier/lower bunk choronos or ADA status back. Plaintiff also alleges that Dr. Kokor improperly participated in review of the 602s. Plaintiff also alleges that he was moved to another yard in reprisal for the 1824.

With regard to Defendant Sherman, Plaintiff asserts that he sent him a letter regarding the problems he was having and another staff member, CCII Fisher, responded. Mr. Fisher's response reportedly was inconsistent with the issues.

Plaintiff further asserts that during the 1824 process, Plaintiff was interviewed by Sgt. Vasquez. Sgt. Vasquez also conducted an interview of the building correctional officers. Sgt. Vasquez reportedly told Plaintiff that the correctional officers said the same things as Plaintiff.

Plaintiff further asserts that the Kings County Superior Court saw fit to require the CDCR/Attorney General to respond on behalf of Defendant Sherman in both complaints that he filed.

As relief, Plaintiff seeks reinstatement of DPM status and monetary damages.

**III. Discussion**

**A. Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570,

127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557.

As with his prior complaint, Plaintiff's amended complaint also fails to comply with Rule 8. Although the amended complaint is short, it is not a plain statement of his claims. Indeed, it fails to include sufficient factual allegations to state a claim that is plausible on its face. Plaintiff has been unable to cure this deficiency.

### B. Linkage Requirement and Supervisory Liability

The Civil Rights Act under which this action was filed provides:
Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978).

Plaintiff's amended complaint also fails to link Defendant Sherman to a deprivation of his rights. As Plaintiff was previously informed, he may not bring suit against Defendant Sherman based solely on his supervisory role as warden. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1020–21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir.2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th

Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1970).

Plaintiff has failed to link Defendant Sherman either by direct conduct in the constitutional violation or by identifying a policy that was so deficient that the policy itself a repudiation of the Plaintiff's rights. Although Plaintiff alleges that he sent a letter to Defendant Sherman about his issues, there is no indication that Defendant Sherman received that letter and Plaintiff admits that CCII Fisher, not Defendant Sherman, responded to the letter.

**C. Medical Care**

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096. A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837. "Deliberate indifference is a high legal standard," Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 1096.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause

of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105–106). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. Cty. of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Further, a "difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082–83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122–23 (9th Cir. 2012) (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).

As pled, Plaintiff's allegations are not sufficient to state a cognizable claim for deliberate indifference to serious medical needs. Based on the amended complaint, and admitted by Plaintiff, it appears that Defendant Kokor provided treatment, including ordering braces, medication and x-rays for his condition. Insofar as Plaintiff believes he is entitled to certain chronos or medical status, this belief does not state a cognizable deliberate indifference claim. At most, Plaintiff has alleged a difference of opinion between himself and Defendant Kokor, which will not support an Eighth Amendment deliberate indifference claim.

**D. Retaliation**

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's

exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005).

In his amended complaint, Plaintiff's allegations are not sufficient to state a cognizable retaliation claim against Defendant Kokor. Plaintiff fails to include any factual allegations indicating that Defendant Kokor knew of Plaintiff's lawsuits and removed his chronos because of those lawsuits or any other protected conduct. Further, there is no indication from Plaintiff's allegations that Defendant Kokor was responsible for any change in Plaintiff's housing. Plaintiff's amended complaint also does not suggest that any alleged actions taken by Defendant Kokor chilled the exercise of his First Amendment rights or did not advance a legitimate correctional goal, such as Plaintiff's treatment.

**E. Claim Preclusion**

As in his original complaint, Plaintiff reports in his amended complaint that he filed at least one state habeas corpus action and another unidentified complaint. As with his original complaint, is not entirely clear from his allegations if his habeas corpus proceeding included the claims at issue in this action. If so, those claims may be barred by the doctrine of claim preclusion. Federal courts are required to give state court judgments the preclusive effects they would be given by another court of that state. Brodheim v. Cry, 584 F.3d 1262, 1268 (9th Cir. 2009). A state habeas judgment may have preclusive effect on a later federal § 1983 action. Gonzales v. Cal. Dep't of Corr., 739 F.3d 1226, 1230–31 (9th Cir. 2014) (reasoned denials of California habeas petitions have claim-preclusive effect). Claim preclusion in California applies if (1) the second lawsuit involves the same "cause of action" as the first, (2) the first lawsuit resulted in a final judgment on the merits, and (3) the party claim preclusion is being asserted against was a party, or in privity with a party, to the first lawsuit. Bernhard v. Bank of Am. Nat. Trust & Sav. Ass'n, 19 Cal.2d 807, 812 (1942); Planning & Conservation League v. Castaic Lake Water Agency, 180 Cal.App.4th 210, 226 (2009). Here, it appears that in his prior suit(s), Plaintiff was complaining about his ADA status and Defendant Kokor's actions. Further, both actions involved both Defendant Kokor and Defendant Sherman. It therefore appears on the face of the amended complaint that Plaintiff's claims in this action are barred. Even if not so barred,

however, Plaintiff has failed to state a cognizable claim for relief against either of the defendants.

### IV. Conclusion and Recommendation

Plaintiff's complaint fails to state a cognizable claim for relief. The deficiencies of Plaintiff's complaint cannot be cured be amendment, and thus leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Court HEREBY DIRECTS the Clerk of the Court to randomly assign a district judge to this action.

Furthermore, for the reasons stated above, IT IS HEREBY RECOMMENDED that this action be dismissed for Plaintiff's failure to state a claim for which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 31, 2018**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE